### Cripe v. Floyd, et al.

(Decided November 11, 1924.)

#### Appeal from Lincoln Circuit Court.

1. Appeal and Error—Refusal to Sustain Plea of Limitation as to Issue Not Submitted to Jury Held Not Prejudicial.—Where defendant alleged, among other defenses, fraud and breach of warranty, and court submitted to jury only questions whether notes were negotiated for value before maturity, and whether there was breach of warranty, plaintiff was not prejudiced by court's refusal to sustain plea of limitation to defense of fraud.

2. Sales—Use and Sale of Stallion After Discovery of Breach of Warranty Held Not to Work Forfeiture of Rights Under Warranty.—Where purchasers of stallion offered to return it in exchange for another, as provided by contract, and sellers refused to make exchange, further use and sale of stallion by purchasers did not estop them or work forfeiture of right to damages, under contract of warranty.

J. N. SAUNDERS for appellant.

GEORGE D. FLORENCE and T. J. HILL, JR., for appellees.

Opinion of the Court by Judge Clay—Affirming.

On January 22, 1913, Marion Cripe & Company sold to Enoch Floyd and others a Percheron stallion. A portion of the purchase price was paid in cash, and the balance was represented by two notes of $467 each, payable in one and two years after date, and bearing interest at the rate of six per cent. At the time of the sale the sellers gave the purchasers a written warranty by which they guaranteed that the stallion was serviceably sound, and a 60 per cent foal getter, for the season of 1913, provided he was kept in a healthy condition with proper care and exercise, with mares regularly returned, and further provided that if the stallion failed to comply with the guaranty, the purchasers were to take in exchange another stallion of same breed and value, and return the one purchased.

Claiming to be the owner and holder of the two notes Marion Cripe brought this suit against the purchasers to recover the face value thereof, subject to certain credits endorsed therein. In the first paragraph of their answer and counterclaim the purchasers denied that Marion Cripe was the owner or holder of the notes. In the second paragraph they pleaded that before their maturity and for valuable consideration the two notes were transferred and delivered to the First National Bank of Peru, Indiana, and having been placed on the footing of a bill of exchange, were barred by the five-year statute of limitations. In paragraph three they pleaded a breach of warranty, their offer to exchange the stallion for another, and the refusal of the sellers to make the exchange. They further alleged that because the stallion was not as warranted, he was worth only $300.00 at the time of the sale, and asked damages on their counterclaim in the sum of $1,100.00. In the fourth paragraph they pleaded in substance that the notes were obtained

from them by fraudulent representation of Marion Cripe & Company, that the stallion was a sure 60 per cent foal getter under the conditions set out in the contract. In his reply, plaintiff denied the allegations of the answer and counterclaim, and pleaded the five-year statute of limitations as to fraud. He also pleaded estoppel based on the allegation that the defendants retained and used the horse as a service stallion after they had learned of his failure as a foal getter. The affirmative allegations of the reply were controverted of record. Whether the notes were negotiated for value before their maturity, and whether there was a breach of warranty, were the only issues submitted to the jury. The jury found for the plaintiff on the notes, and for the defendants an equal amount on their counterclaim.

Appellant's principal contention is that he was entitled to a peremptory instruction because the plea of fraud was barred by the statute of limitations. In addition to a plea of fraud, appellees pleaded a breach of warranty. As the question of fraud was not submitted to the jury, we now go no further than to say that appellant was not prejudiced by the court's refusal to sustain his plea of limitation; and, as the evidence of the breach of warranty was sufficient to take the case to the jury, it necessarily follows that appellant's request for a peremptory instruction was properly refused.

Nor did the fact that appellees retained and sold the stallion after they had learned that it was not a good foal getter make out a case of estoppel. As they offered to return the stallion in exchange for another, and the sellers refused to make the exchange, the only thing that they could do was to use or sell the stallion, and their adoption of this course did not work a forfeiture of any of their rights under the contract of warranty.

Judgment affirmed.